## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Jeffrey A. Brennan and Margaret J. Brennan, Debtors. | CHAPTER 13 |
| Carrington Mortgage Services, LLC as servicer for Bank of America, N.A., Movant, v. Jeffrey A. Brennan and Margaret J. Brennan, Debtors, William C. Miller, Trustee, Additional Respondent. | BANKRUPTCY CASE NUMBER 18-15996/ELF  11 U.S.C. § 362 |

### STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtors' property at 109 East Manoa Road, Havertown, PA 19083 (the "Property"), are $8,707.90. The breakdown of the arrears is as follows:

| | |
|---|---|
| Post-Payments from October 1, 2018 to February 1, 2019 at $1,535.38 each | $7,676.90 |
| Bankruptcy Fees | $850.00 |
| Bankruptcy Costs | $181.00 |

3. If Debtors provide proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtors shall cure the arrearages in the following manner:

(a) The balance of the arrears, to-wit, $8,707.90, shall be cured by the Debtors in six (6) consecutive payments commencing on March 1, 2019. The Debtor shall pay the sum of $1,451.31 for five (5) consecutive months. The Debtor shall pay the sixth (6th) and final payment of $1,451.35

to cure the arrears on August 1, 2019; until the arrears are cured, together with the regular monthly mortgage payment.

(b) Debtor shall resume making the regular monthly mortgage payments on March 1, 2019 in the amount of $1,535.38. If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(c) Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(d) All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Carrington Mortgage Services, LLC, at P.O. Box 3730, Anaheim, California 92806;

(e) All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5. In the event that Debtors fail to make any of the payments set forth above, Movant shall notify Debtors and Debtors' attorney of the default in writing and Debtors may cure the default within 15 days of the notice. If the default continues to the following month, the Debtors shall include funds to cure that month's default as well. If Debtors should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtors consents to the Court entering an Order granting Movant relief from the Automatic Stay.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtors shall cure the pre-petition and

post-petition arrears within ten (10) days from the date of conversion. Should the Debtors fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

7. Debtors understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtors shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

8. Debtors agree that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 2/13/19

Kevin S. Frankel, Esquire
Attorney for Movant

Dated: 2/8/19

Brad J. Sadek, Esquire
Attorney for Debtors

Dated: 2/14/19

William C. Miller
Trustee

NO OBJECTION
*without prejudice to any trustee rights or remedies.

AND NOW, this _____ day of _____, 2019, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

HONORABLE ERIC L. FRANK
UNITED STATES BANKRUPTCY JUDGE